IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

OSCAR B. MCMILLIAN,

                Plaintiff,

v.

KEVIN CARR, SUE NOVAK,
LUCAS WEBER, LINDSAY WALKER,
LINDA ALSUM-O-DONOVAN,
CAPTAIN JOSEPH CICHANOWICZ,
MICHAEL FINK, OFFICER BRIDEAU,
OFFICER KOPFHAMMER, SERGEANT DOYLE,
SERGEANT RICHARD SEDEVIC, and
CAPTAIN GWEN SCHULTZ,

                Defendants.

OPINION AND ORDER

19-cv-859-wmc

Invoking 42 U.S.C. § 1983, *pro se* plaintiff Oscar McMillian filed an 85-page complaint with 222 pages, seeking to proceed upon claims that, among other things, defendants improperly confiscated his property, prevented him from carrying out work as a jailhouse lawyer, and retaliated against him for filing administrative grievances. While McMillian's complaint is ready for screening as required by 28 U.S.C. § 1915A, his lengthy, repetitive and confusing allegations violate Federal Rule of Civil Procedure 8. Accordingly, the court will dismiss it without prejudice, giving plaintiff an opportunity to file a proposed amended complaint that corrects the deficiencies outlined below.

OPINION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants so that the court and defendants may "understand

whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Complaints that are unnecessarily lengthy with repetition and immaterial allegations may violate Rule 8. Indeed, "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *see also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings.").

While certain complex claims may warrant a lengthy complaint to adequately set forth all necessary allegations, the bulk of plaintiff's complaint here seems to be an hour-by-hour recollection of events between 2015 and 2019. This includes several cell searches, lockdowns and disciplinary proceedings spanning years. It appears that the crux of McMillian's complaint is that defendants improperly confiscated his legal materials, preventing McMillian from acting as a jailhouse lawyer. However, it is nearly impossible to tease out the actual events comprising plaintiff's claims from extraneous details: plaintiff's allegations do not follow a chronological timeline and contain numerous pages worth of stream of consciousness, repetitive assertions about defendants' wrongful conduct, legal arguments and case law citations. Simply put, the complaint is too disorganized to expect defendants or the court to understand exactly what happened that plaintiff believes constitutes a violation of his constitutional rights, when it happened and

2

who was involved.

To proceed with this lawsuit, therefore, plaintiff will be required to file an amended complaint, reducing his complaint down to a manageable size by focusing only on essential factual allegations, so that the court can evaluate his claims. If plaintiff submits a proposed amended complaint no later than October 5, 2021, the court will take it under advisement for prompt screening under 28 U.S.C. § 1915(e)(2). In crafting an amended complaint, plaintiff must also comply with Federal Rule of Civil Procedure 20, which allows a plaintiff to join as many defendants as he wants in one action, but only so long as the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and a common "question of law or fact" arises as to all defendants in the action. Fed. R. Civ. P. 20(a)(2). Rule 20 exists to prevent a plaintiff from "throw[ing] all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

More practically speaking, in preparing his amended complaint, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. As best he can, plaintiff should also tell his story chronologically, inserting allegations related to each defendant at the time in the chronology of events they became involved. Most importantly, unlike his initial complaint, plaintiff should not include information not directly related to his claims. Plaintiff should set forth the most important facts in his case; he does not need to describe everything that

happened during the period in question or every discussion that was had. Instead, plaintiff should focus on the main event that was the reason for this suit. Finally, since the complaint is not the time for lengthy legal arguments and briefing, plaintiff should omit them from his amended complaint.

After he finishes drafting his amended complaint, plaintiff should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. He should also consider whether the complaint clearly and concisely describes the main points of what happened chronologically. If not, he should make necessary changes. If plaintiff submits a proposed amended complaint on or before October 5, 2021, the court will screen it as soon as possible under 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff Oscar McMillian is DENIED leave to proceed on any claims, and his complaint is DISMISSED without prejudice.

2. Plaintiff has until **October 5, 2021,** to file an amended complaint that states a claim upon which relief can be granted. **Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute.**

Entered this 14th day of September, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge