IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

OSCAR B. MCMILLIAN,

             Plaintiff

v.

KEVIN CARR, *et al.*

             Defendants.

OPINION AND ORDER

19-cv-859-slc
_____

Pro se plaintiff Oscar McMillian filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that over the course of several years, defendants improperly conducted cell searches, lockdowns, and disciplinary proceedings related to him, confiscated his legal materials, and prevented him from acting as a jailhouse lawyer for several other inmates. On September 14, 2021, Judge Conley dismissed McMillian's 85-page, single-spaced complaint without prejudice under Rule 8 of the Federal Rules of Civil Procedure because it was too difficult to decipher what happened, when it happened, and why McMillian believes defendants violated his constitutional rights. Dkt. 10. McMillian was given an opportunity to file a proposed amended complaint that corrected the deficiencies. Rather than filing an amended complaint that clarified his claims, McMillian moved for reconsideration of the Rule 8 order, arguing that his original complaint provided more than enough detail. Dkt. 11. Judge Conley denied that motion on October 8 and gave McMillian another opportunity to file a proposed amended complaint that provided only a broad outline of the alleged conduct on which he was basing his claim(s). Dkt. 12.

On October 26, 2021, McMillian requested reassignment of his case; after the defendants consented to magistrate judge jurisdiction, this case was assigned to me. Dkts. 13-15. I adopted Judge Conley's September 14 and October 8 orders and gave McMillian extra time to file a proposed amended complaint. I also repeated Judge Conley's previous warnings that

McMillian's failure to timely file a proposed amended complaint that satisfies Rule 8 will result in dismissal of this case with prejudice for his failure to prosecute it.

Now before the court is McMillian's motion for relief from the court's September 14 and October 8, 2021 orders, in which he repeats the arguments that he made in his first motion for reconsideration and emphasizes that neither Rule 8 nor any provision of the Prison Litigation Reform Act (PLRA) require that a complaint contain too much detail. Dkt. 17. However, as Judge Conley explained in his earlier orders, McMillian's complaint is incomprehensible. It fails to provide fair notice to defendants of the claims against them. McMillian generally explains in his motion that he is seeking to bring three unspecified claims against defendants and cites numerous paragraphs in his complaint that he says support his claims. McMillian's cursory explanation does not satisfy Rule 8 and does not constitute an amended complaint.

The Court of Appeals for the Seventh Circuit has made clear that "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (internal citations omitted) ("[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."); *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings."). Accordingly, I am denying McMillian's motion for relief.

This court has given McMillian three opportunities to file a proposed amended complaint, and it has provided him with clear instructions on how to draft such a complaint. McMillian has refused to follow these instructions. The court has warned McMillian in

three sequential orders that his failure to timely file a proposed amended complaint that meets the stated criteria will result in dismissal of his case with prejudice for failure to prosecute it. McMillian has refused to heed these warnings. Therefore, I am dismissing this case with prejudice for McMillian's failure to prosecute it.

## ORDER

IT IS ORDERED that:

(1) Plaintiff Oscar McMillian's motion for relief from the court's September 14 and October 8, 2021 orders (dkt. 17) is DENIED.

(2) Plaintiff's motion for preliminary injunctive relief (dkt. 4) is DENIED as moot.

(3) This case is DISMISSED with prejudice for plaintiff's failure to prosecute it.

Entered this 17th day of November, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge